UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GRADY JERMAINE FLETCHER,

          Petitioner,

v.                                                Case No. 5:05-cv-149-Oc-10GRJ

SECRETARY, DEPT. OF CORRECTIONS,

          Respondent.
_____

## **ORDER DENYING THE PETITION**

Petitioner initiated this case by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Petition stems from Petitioner's Marion County jury-trial conviction for one count of second degree murder, for which Petitioner is serving a 16- year sentence. The Respondents have filed a Response (Doc. 6), and Petitioner has replied to the Response (Doc. 9). Upon due consideration of the Petition, the Response, the state-court record contained in Respondent's Appendix, and Petitioner's reply, the Court concludes that the Petition must be denied.[1]

## **Background**

Petitioner concedes that the Respondent has accurately stated the factual and procedural history of this case. On March 30, 1996, Blair Terry was shot and killed. App. tab. A at 62-63. Petitioner admitted to police that he had an altercation with

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. See Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

Blair and had shot at him, but stated that Blair shot at him first. Id. at 404-407. Petitioner was charged by information with second degree murder. Id. tab B at 12. At the close of the evidence, the trial court denied Petitioner's counsel's request to give a jury instruction on aggravated battery and aggravated assault as lesser included offenses, in addition to the instruction given by the trial court on the lesser included offense of manslaughter, based on counsel's argument that causation was an issue in the case. Id. tab A3 at 485-92. Petitioner was found guilty of second degree murder.

Petitioner's counsel raised only one issue on direct appeal, asserting that the trial court erred under state law in failing to give a jury instruction on the lesser included offenses. Id. tab C. The state appellate court affirmed. Id. tab E.

Petitioner subsequently filed a motion for postconviction relief pursuant to Rule 3.850, raising several claims that counsel had rendered ineffective assistance, including that counsel failed to convey a plea offer to Petitioner. Id. tab A. The trial court conducted an evidentiary hearing only on that issue; Petitioner was represented by counsel. Id. tab H. The hearing extended over three days, and included the testimony of Petitioner's trial counsel, the prosecutor, the Petitioner, and Petitioner's mother. At the hearing, Petitioner's trial counsel testified that he never submitted any written plea offers to the prosecutor, although he had attempted to get the prosecutor to agree to a "hypothetical" plea agreement. Counsel testified that he advised Petitioner that he faced a possible life sentence and urged Petitioner to

consider a plea, and that while the state would entertain a plea offer it would likely insist that he serve a mandatory minimum three-year term. Counsel testified that Petitioner stated that he "would rather spend my life in jail than to plea to something I didn't do." Id. at 74. Counsel could not persuade Petitioner to put a plea offer in writing. Counsel testified that he advised Petitioner of his potential maximum sentence, and counseled him to consider making a plea offer. The state prosecutor testified that he had verbal preliminary plea negotiations with Petitioner's counsel, but no written offer was submitted. Petitioner testified that his counsel advised him that he could not receive a sentence greater than ten years, and that he did not learn of the possibility of a three-year sentence until the night of his conviction when a family member told him about a plea offer.

The trial court denied Petitioner's postconviction motion. Id. tab H. The court noted that there was conflicting testimony, but that there was no dispute that Petitioner's counsel attempted to negotiate a plea and no formal agreement was prepared. The court credited counsel's testimony that Petitioner refused to consider entry of a plea, even after learning that he faced a possible life sentence. The court determined that Petitioner had failed to carry his burden of proof, noting that "[n]ot only was there no plea offer, the Defendant was clearly disinterested in counsel pursuing a plea." Id. The state appellate court affirmed. Id. tab L.

Petitioner filed the instant habeas petition asserting two grounds for relief: (1) the trial court erred by refusing to instruct the jury on other lesser included offenses

in addition to manslaughter; (2) counsel rendered ineffective assistance by failing to inform Petitioner of a plea offer.   Doc. 1.

**Timeliness of Petition**

The Respondent concedes that the Petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1).  Doc. 6 at 6.

**Exhaustion of State Remedies**

Respondent contends that Petitioner's ground (1) is unexhausted and procedurally barred because Petitioner raised such claim in the state courts only as a violation of state law and not as a federal constitutional issue.

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have presented his claims in state court in a procedurally correct manner."[2]  This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[3]

---

[2] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[3] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (citing Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

Petitioners' pro se status does not alone amount to good cause.[4]

"[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State 'the opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." Duncan v. Henry, 513 U.S. 364, 365 (1995). In Duncan, the Court specifically noted that, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at the state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan, 513 U.S. at 36.

Upon review of the state court record, it is clear that Petitioner did not exhaust this federal claim in state court. Petitioner's brief on direct appeal relied solely on state cases in pressing his jury-instruction issue, and never referred to any violation of his federal constitutional rights. See App. tab C. The State's answer brief similarly relied on state law in urging that Petitioner's conviction should be affirmed. Id. tab D. There is nothing in the record to suggest that the state court construed the claim as anything other than arising under state law. See id. tab E. Accordingly, Petitioner is barred from federal review of this claim absent a showing of cause for and actual prejudice from the default. Petitioner has made no such showing. Moreover, it would be futile for Petitioner to now attempt to exhaust this claim in state court because according to Florida law claims of trial court error must be raised on direct appeal. See, e.g., Pooler v. State, 980 So.2d 460, 470-71 (Fla. 2008);

---

[4] See Harmon v. Barton, 894 F.2d 1268, 1275 (11th Cir. 1990).

Occhicone v. State, 768 So.2d 1037, 1040 n.3 (Fla. 2000) ("[C]laims challenging the validity of jury instructions should be raised on direct appeal, not motions for postconviction relief."). Accordingly, the Court finds that this claim is procedurally defaulted.

## **Merits: Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[5] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[6] The "contrary to" and "unreasonable application" clauses provide separate bases for review.[7]

Further, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[8] The AEDPA also directs that the factual findings of the state court are

---

[5] See Williams v. Taylor, 529 U.S. 362, 403-404 (2000).

[6] See 28 U.S.C. § 2254(d)(1).

[7] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[8] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

6

afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[9] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[10]

## Ineffective Assistance of Counsel

In order to demonstrate that counsel rendered ineffective assistance, Petitioner must show that (1) counsel's performance was deficient and "fell below an objective standard of reasonableness," and (2) that the deficient performance prejudiced the defense.[11] In the context of a decision whether to accept a plea offer or stand trial, it is "essential that the attorney advise a defendant of possible consequences[.]" Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1981). "To prove that counsel was ineffective, the defendant must demonstrate that the advice 'was not within the range of competence demanded of attorneys in criminal cases.'" Id. (citations omitted).

Whether counsel's performance was constitutionally deficient is a mixed question of fact and law which is not entitled to a presumption of correctness under 28 U.S.C. § 2254(d). However, the state court's findings of "historical fact" are entitled to such a presumption. See Collins v. Francis, 728 F.2d 1322, 1346 (11th Cir. 1984). Further, the state court's findings as to witness credibility are

---

[9] See 28 U.S.C. § 2254(e)(1).

[10] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[11] Strickland v. Washington, 466 U.S. 668 (1984).

7

presumptively correct.  See Brown v. Head, 272 F.3d 1308, 1314 (11th Cir. 2001).

In this case, following the evidentiary hearing the state court made factual findings that there was no plea offer for counsel to convey to Petitioner, and that Petitioner had told his counsel that he was not interested in pursuing a plea. In making such findings, the state court expressly credited the testimony of Petitioner's trial counsel. See App. tab H. Petitioner has failed to point to any clear and convincing evidence sufficient to overcome the presumption of correctness that this Court must afford to such findings. See 28 U.S.C. section 2254(e)(1). Based on such findings, the record does not support a conclusion that counsel's performance was deficient with respect to Petitioner's decision to plead not guilty and stand trial. Accordingly, Petitioner has not shown that the state court's rejection of his ineffective-assistance claim was contrary to or an unreasonable application of Strickland, and therefore Petitioner is not entitled to federal habeas relief on this claim.

## **Conclusion**

For the foregoing reasons, the Petition is **DENIED**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any pending motions,

and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 12th day of February 2009.

_____
UNITED STATES DISTRICT JUDGE

c: Grady Jermaine Fletcher
   Counsel of Record